# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:06cr74

TWILA EDWARDS,
          Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Twila Edwards, appeared before me in person and by counsel, Brian J. Kornbrath, on August 31, 2006. The Government appeared by John C. Parr, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open

court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Twila Edwards, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated August 3, 2006, and signed by her on August 15, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and

the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained

in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to at least three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration, the costs of community confinement and the costs of supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her

understanding of the impact of her waiver of her direct and collateral appeal rights as contained in the written plea agreement and determined she understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with distribution of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Court then heard the testimony of John Smith, Jr. and Defendant's under oath allocution as to why she believed she was guilty of the offense charged in the one-count Information.

John Smith testified he is an officer with the West Virginia State Police, assigned to the Bureau of Criminal Investigation in Fairmont, West Virginia, in fall 2005. Tpr. Smith stated his testimony was based on historical information as reported to him by Sgt. Adams. Tpr. Smith, Sgt. Adams, and other officers were involved in the investigation of drug activity in the Marion County, West Virginia, area. Pursuant to that investigation, the officers had developed confidential informants (CI's) to make controlled buys from various individuals, including Defendant.

Multiple controlled buys were made from Defendant. On August 25, 2005, Sgt. Adams drove a CI to Defendant's residence. The CI entered Defendant's residence and purchased $100.00 worth of crack cocaine from Defendant, and returned to Sgt. Adams' vehicle. Defendant's residence is in Marion County, West Virginia, near Fairmont. The CI received a packet from the defendant in exchange for the $100.00. The contents of the packet were analyzed the State Police Laboratory, which determined the contents to be .33 grams of cocaine base.

5

Defendant stated she agreed with all the facts as presented by Tpr. Smith. The Court then again advised Defendant that even if the District Judge rejected the non-binding recommendations of the plea agreement, and even if the District Judge sentenced her more harshly than she expected, Defendant would not be permitted to withdraw her plea of Guilty. Defendant stated she understood.

Thereupon, Defendant, Twila Edwards, with the consent of her counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

The defendant then testified she believed he was guilty of the crime charged in the one-count Information because a friend came to her trailer and she sold the friend some crack.

The undersigned Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable, informed, and voluntarily and freely made as to the charge contained in the one-count Information; Defendant voluntarily elected to have her plea heard by the undersigned United States Magistrate Judge and waived her right to have her plea taken by an Article III Judge; Defendant understood her right to proceed by Indictment and voluntarily gave up that right, to instead proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty, particularly the statutory penalties that may be imposed under §§ 841(a)(1) and 841(b)(1)(C); Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Tpr. John Smith, Jr. and by Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 31st day of August, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE